UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 10-cv-05086 |
| | ) Judge Charles R. |
| | ) Norgle, Jr. |
| OFFICER CREAMER, individually and in his official capacity, OFFICER KENNETH MULDROW, individually and in his official capacity, WADE INGRAM, individually and in his official capacity as Chief of Police, UNKNOWN OFFICERS, and CITY OF MARKHAM, | ) Courtroom 2341 |
| | ) |
| | ) Mag. Judge Michael T. |
| | ) Mason |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

FIRST AMENDED COMPLAINT

Now Comes the Plaintiff JEREMY SMITH and for his Complaint against Defendants OFFICER CREAMER, individually and in his official capacity, OFFICER KENNETH MULDROW, individually and in his official capacity, WADE INGRAM, individually and in his official capacity as Chief Of Police, UNKNOWN OFFICERS, individually and in their official capacity, and CITY OF MARKHAM, states the following:

**I. INTRODUCTION**

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Illinois common law for intentional infliction of emotional distress.

While the individual Defendants were acting in the scope of their employment and under color of law, they unlawfully stopped and searched Plaintiff, handcuffed him, and seized his vehicle. The seizure deprived Plaintiff of his constitutional right to be free from unreasonable search and seizure. The Plaintiff suffered mental anguish and emotional distress. The unlawful stop, search, and seizure caused Plaintiff's vehicle to

be unlawfully towed and to incur damages of $550.00 (to pay for tow). No refund was ever provided to Plaintiff.

This action is also brought against WADE INGRAM, Chief Of Police and CITY OF MARKHAM for their failure to properly train and supervise the individual Defendants regarding the proper grounds for an investigatory stop, search, and seizure and their establishment of policies, procedures, practices, and customs regarding an investigatory stop, search, and seizure. Additionally, Officer Muldrow, Wade Ingram, and the City Of Markham established a policy of causing citizen's vehicles to be towed without issuing tickets and without giving notice of charges and dispute procedures.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1343, and 1367, and venue is properly set in the United States District Court for the Northern District Of Illinois pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. On information and belief, it is alleged that each of the named Defendants resides in this judicial district.

## III. PARTIES

4. The Plaintiff, JEREMY SMITH, is a citizen and resident of Cook County, IL.

5. Upon information and belief, the Defendant OFFICER CREAMER is a citizen and resident of Cook County, IL, and was at all times material to the

allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of Markham, IL and was acting under color of law.

6. The Defendant OFFICER KENNETH MULDROW, is a citizen and resident of Cook County, IL and was, at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of Markham, IL and was acting under color of law.

7. The Defendant WADE INGRAM, is a citizen and resident of Cook County, IL and was at all times material to the allegations in this Complaint, employed as the Chief Of Police by the City Of Markham, IL and is responsible for the supervision and training of the Defendants Officers CREAMER, MULDROW, and UNKNOWN OFFICERS. Defendant WADE INGRAM, as the Chief of the Markham, IL Police Department, is further responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of Markham, IL regarding proper grounds for an investigatory stop, search, and seizure. Officer WADE INGRAM was responsible for establishing an unconstitutional and illegal policy of having citizen's vehicles towed without issuing tickets specifying the nature of the alleged violation, dispute procedures, and the rights of the accused.

8. The Defendant CITY OF MARKHAM is a municipality in Illinois for which Defendants CREAMER, KENNETH MULDROW, OFFICER WADE INGRAM, and UNKNOWN OFFICERS serve as police officers. CITY OF MARKHAM is responsible for the training and supervision of Defendants CREAMER, KENNETH MULDROW, WADE INGRAM, and UNKNOWN OFFICERS. CITY

OF MARKHAM has established or delegated to Defendant WADE INGRAM the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by City of Markham regarding lawful grounds for an investigatory stop, search, and seizure. CITY OF MARKHAM was responsible for establishing an unconstitutional and illegal policy of having citizen's vehicles towed without issuing tickets specifying the nature of the alleged violation, dispute procedures, and the rights of the accused.

## IV. FACTS

9. On March 12, 2010, Plaintiff was driving his 1998 Ford Taurus near Adriannes night club, 164th & Dixie Highway, Markham, IL at around 12:00 A.M..

10. On March 13, 2010, at around 12:00 A.M., near Adriannes night club, OFFICERS CREAMER, MULDROW, and UNKNOWN OFFICERS drove their police cars behind Plaintiff, turned their lights on, and stopped Plaintiff's vehicle.

11. The officers falsely accused Plaintiff of possession of alcohol.

12. Plaintiff never possessed any alcohol.

13. OFFICERS CREAMER, MULDROW, and UNKNOWN OFFICERS searched Plaintiff and his vehicle.

14. Stat Towing towed Plaintiff's vehicle at the request of the Markham police officers.

15. Plaintiff was never charged with any crime.

16. Plaintiff paid CITY OF MARKHAM $550.00 to retrieve his vehicle from the tow yard.

17. Plaintiff suffered anguish and emotional distress as a result of the unlawful stop and unreasonable search and seizure.

18. Plaintiff suffered damages of $550.00 for the tow. CITY OF MARKHAM did not refund to Plaintiff $550.00.

19. The Officers' actions resulted in the violations of the Plaintiff's civil rights including the right to be free from unreasonable search and seizure. The actions of the Defendants further violated Plaintiff's right to due process.

20. Defendants OFFICERS CREAMER, MULDROW, and UNKNOWN OFFICERS had no adequate training regarding an investigatory stop, search, and seizure.

21. Defendants OFFICERS CREAMER, MULDROW, WADE INGRAM, UNKNOWN OFFICERS, and CITY OF MARKHAM were aware or should have been aware that conducting an investigatory stop, search, and seizure requires special procedures, policies, and customs to be used so as to not unnecessarily harm them, or members of the public. The failure to promulgate and implement such procedures, policies, or customs caused the perpetuation of procedures, policies or customs leading directly to the unlawful stop of the Plaintiff, seizure of his car, and the violation of Plaintiff's constitutional rights.

22. Each of the Defendants, individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Plaintiffs of their rights to freedom from illegal searches and seizure of their persons, papers, and effects and their rights to freedom from unlawful detention and imprisonment. All of

these rights are secured to Plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C.A. §§ 1983 and 1988.

23. The Defendants WADE INGRAM and the CITY OF MARKHAM, failed to adequately supervise the Defendants OFFICERS CREAMER, KENNY, and UNKNOWN OFFICERS.

## V. CAUSES OF ACTION

### COUNT I

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**(General Allegations)**

24. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

25. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiffs of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) and the right not to be deprived of property without due process of law.

26. In violating Plaintiffs' rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state and conducted an unauthorized, warrantless illegal search and seizure of Plaintiff and his vehicle. The illegal and warrantless search, seizure, and detention violated Plaintiff's

rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

28. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT II

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

24. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.. Defendant WADE INGRAM, in his capacity as Chief of Police of the Markham Police Department in Markham, IL and the Defendant CITY OF MARKHAM implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Markham Police Department to stop, search, investigate, and detain persons without proper training. Defendants WADE INGRAM and CITY OF MARKHAM furthermore implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices, that included, among other things, of allowing employees of the Markham Police Department to seize vehicles without proper training.

25. Defendant WADE INGRAM, in his capacity as Chief of Police of the Markham Police Department, IL and the Defendant CITY OF MARKHAM implicitly or

explicitly adopted and implemented a careless and reckless policy, custom, or practice of allowing employees of the Markham Police Department to detain persons and seize vehicles when less extreme alternatives existed

26. The failure of the Chief of Police WADE INGRAM and the CITY OF MARKHAM to adequately train and supervise the Defendants OFFICERS CREAMER, KENNY, and UNKNOWN OFFICERS, amounts to deliberate indifference to the rights of the Plaintiff to be free from unlawful stops, and unreasonable searches and seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

27. The failure of the Chief of Police WADE INGRAM and the City OF MARKHAM to adequately train and supervise Defendants OFFICERS CREAMER, MULDROW, and UNKNOWN OFFICERS amounts to deliberate indifference to the rights of the Plaintiff to be free from unreasonable seizures under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

28. As a result of this deliberate indifference to the Plaintiff's rights, the Plaintiff suffered general and special damages as stated in this Complaint and is entitled to relief under 42 U.S.C. §1983.

29. In committing the acts complained of herein, Defendants acted under color of law to deprive Plaintiff as alleged herein of certain constitutionally protected rights including, but not limited to: a) the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) and the right not to be deprived of property without due process of law.

## COUNT III

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
(False Arrest)**

24. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

25. In committing the acts complained of herein, Defendants OFFICERS CREAMER, MULDROW, and UNKNOWN OFFICERS acted under color of law by falsely arresting and detaining the Plaintiff with no basis in fact or law to do so. In violating Plaintiff's right to be free from false arrest, the Defendants violated Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

26. As a direct and proximate result of the violation of their constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. §1983.

## COUNT IV

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
(Deprivation of Property Without Due Process of Law)**

24. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

25. Defendants OFFICER CREAMER, MULDROW, and UNKNOWN OFFICERS, intentionally violated the civil rights of the Plaintiff by their malicious and wanton disregard for Plaintiff's property rights. The towing of Plaintiff's vehicle amounted

to the deprivation of property in violation of the Fifth and Fourteenth Amendments.

26. By causing the Plaintiff's vehicle to be towed, Defendants actually and proximately inflicted an outrageous violation of constitutional rights upon the Plaintiff whch Defendants are liable and Plaintiff seeks damages therefore.

27. Defendants OFFICERS CREAMER, MULDROW, and UNKNOWN OFFICERS, either with the specific intent to violate the Plaintiff's civil rights or with a reckless disregard of the probability of causing that violation, had Plaintiff's vehicle towed causing severe emotional distress to the Plaintiff, and Plaintiff is entitled to compensatory and punitive damages therefore.

## COUNT V

### (State Common Law False Imprisonment)

24. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

25. Plaintiff avers that the Defendants breached a duty of care owed to Plaintiff, so as not to deprive them of their personal liberty, by intentionally restraining or detaining Plaintiffs without just cause and without order from a court.

26. Plaintiff avers that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained Plaintiff against his will.

27. At no time during the detainment did Plaintiff resist or attempt to resist the Defendant officers, but were fully cooperating with the orders of the Defendants.

28. Plaintiff avers that the Defendants are liable to him for false imprisonment.

29. As a direct and proximate result of the false imprisonment by the Defendants, Plaintiff suffered serious emotional distress, and lost the use of his vehicle.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, the above premises considered, Plaintiff demands:

That judgment be rendered in favor of the Plaintiffs and against the Defendants on all causes of action asserted herein.

1. That Plaintiff be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for his physical and mental pain and suffering, both past and future; permanent injury and disability; loss of enjoyment of life; loss of use of property, and medical and psychological expenses, both past and future.

2. That Plaintiff be awarded punitive damages against the Defendants.

3. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

4. That the Plaintiff receives any other further and general relief to which it may appear he is entitled.

5. A jury for the trial of this matter.

6. An amount in excess of Fifty Thousand Dollars ($50,000)

s/ Michael G. Kelly

Michael G. Kelly, Esq.

Chadwick & Lakerdas
5300 South Shore Drive # 100
Chicago, IL 60615

(773) 955-1088
fax (773) 955-9511
mkelly@chadwicklakerdas.com
ardc# 6273989